UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JAMES MAROON, ET. AL. | CIVIL ACTION NO. 07-2177 |
| VERSUS | JUDGE MELANÇON |
| NATIONWIDE MUTUAL INSURANCE COMPANY, ET. AL. | MAGISTRATE JUDGE HILL |

### ORDER

Before the Court are the plaintiffs' Motion for Leave of Court to File Supplemental Memorandum in Support of Motion to Remand [Rec. Doc. 13] and plaintiffs' Motion To Remand [Rec. Doc. 9]. In his proposed Supplemental Memorandum in Support, plaintiffs' counsel avers that "... the damages in this matter do not exceed $75,000, the minimum jurisdictional limit of this Honorable Court." Counsel for defendants do not object to the filing of this supplemental memoranda.

Based on the statement contained in the proposed pleading, the Court is inclined to remand this matter to state court. However, plaintiffs' proposed pleading stating that the damages in this action do not exceed $75,000 is signed only by plaintiffs' attorney in this action and was filed after removal to this Court. Although a failure to stipulate is only one factor to consider in determining whether a removing party has met its burden and alone does not establish that this Court has jurisdiction, it is not facially apparent nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal. *Pollet v. Sears Roebuck and Co.*, 46 Fed. Appx. 226, p.2 (5th Cir.2002)(disallowing the use of post-removal

settlement demands because "the damages we may consider include only those damages claimed at the time of removal.") While plaintiffs claims that their damages are less than $75,000, they have presented no evidence of the valuation of damages sustained. Accordingly, it is,

**ORDERED** that plaintiffs' Motion for Leave of Court to File Supplemental Memorandum in Support of Motion to Remand [Rec. Doc. 13] is **GRANTED**. However,

**IT IS FURTHER ORDERED** that plaintiffs' Motion To Remand [Rec. Doc. 9] is **DENIED AS PREMATURE**. Within ten (10) days of the entry of this Order, the plaintiffs may file a motion for leave to file a covenant not to execute any Louisiana state court judgment that may be rendered in their favor in excess of $75,000.00, in a form acceptable to defendant's counsel. In the event of the failure to timely file such covenant,

**IT IS FURTHER ORDERED** that the Clerk of this Court is to set a determination of Jurisdictional Amount on the next available motion calendar of the Magistrate Judge assigned to this case.

**THUS DONE AND SIGNED** this 12th day of February, 2008 at Lafayette, Louisiana.

Tucker L. Melançon
UNITED STATES DISTRICT JUDGE